Robert C. **SHERRY**, Jr., Petitioner

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 20, 2006.

Decided Feb. 27, 2006.

---

Dawson R. Muth, West Chester, for appellant.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Robert C. Sherry, Jr., (Licensee) petitions for review of the July 29, 2005, order of the Secretary of Transportation, which denied Licensee's exceptions to the Proposed Report of a Hearing Officer and which made the Proposed Report final. The Proposed Report denied Licensee's petition for credit toward a driver's license suspension imposed upon Licensee by the Department of Transportation (DOT). We affirm.

On August 16, 2003, DOT issued a commercial driver learner's permit to Licensee, who already possessed a regular driver's license.[1] (Findings of Fact, No. 1.) On November 23, 2003, Licensee was arrested for a violation of section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731, driving under the influence of alcohol (DUI). Licensee refused to submit to chemical testing in violation of section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547. (Findings of Fact, No. 2.)

On January 23, 2004, DOT mailed a notice to Licensee, advising him that, as a result of his refusal to submit to chemical testing, his driving privilege was suspended for one year, effective February 27, 2004. The notice informed Licensee that he would not receive credit towards the suspension until he returned his driver's license *and learner's permit*, or, if unable to do so, until he submitted an affidavit acknowledging the suspension. (Findings of Fact, No. 3.) On February 23, 2004, Licensee appealed the suspension, and DOT restored his driving privilege pending the outcome of the appeal. (Findings of Fact, No. 4.)

On March 24, 2004, Licensee was convicted of DUI and surrendered his driver's license to the court. (Findings of Fact, No. 5.) On May 3, 2004, DOT mailed a notice to Licensee, advising him that, as a result of his DUI conviction, his driving privilege was suspended for one year, effective March 24, 2004. The notice stated that Licensee would not receive credit toward the suspension until Licensee returned his driver's license and learner's permit. (Findings of Fact, No. 6.) On May 3, 2004, DOT sent a separate letter to Licensee informing him that he would not receive credit toward his suspension until DOT received all driver's license products in his possession.[2] (Findings of Fact, No. 7.)

On May 20, 2004, Licensee's appeal of the suspension imposed for refusing to submit to chemical testing was dismissed. (Findings of Fact, No. 8; R.R. at 65a.) On

---

1. The commercial driver learner's permit had an expiration date of August 16, 2004. (Findings of Fact, No. 1.)

2. The letter also stated, "If you do not have a [driver's license] product to surrender you are required to return a completed DL–16LC Form (Acknowledgement Form) acknowledging the suspension/revocation of your driving privileges." (R.R. at 63a.)

July 13, 2004, DOT mailed a notice to Licensee, advising him that, as a result of his refusal to submit to chemical testing, his driving privilege was suspended for one year, effective March 31, 2005. The notice stated that Licensee would not receive credit toward his suspension until DOT received his driver's license and learner's permit. The notice also stated that, if Licensee did not have them, he was required to send DOT an affidavit acknowledging the suspension. (Findings of Fact, No. 9; R.R. at 69a–70a.)

On August 18, 2004, Licensee submitted a DL–16LC Form to DOT indicating that he was unable to surrender his commercial driver learner's permit because it had been stolen. (Findings of Fact, No. 10.) DOT then gave Licensee credit toward his suspension beginning August 18, 2004.[3] (Findings of Fact, No. 11.) Licensee filed a petition for credit with the Secretary of Transportation, seeking credit toward his suspension from March 24, 2004, the date Licensee surrendered his driver's license to the DUI court. A Hearing Officer conducted a hearing on the matter and filed a Proposed Report denying the petition. Licensee then filed exceptions, which were denied. Licensee now petitions this court for review.[4]

Licensee argues that DOT's failure to give Licensee credit toward his suspension from March 24, 2004, violates section 1540(a) of the Vehicle Code, 75 Pa.C.S. § 1540(a). We disagree.

Section 1540(a) of the Vehicle Code provides, in pertinent part, as follows:

Upon a conviction by a court of competent jurisdiction for any offense which calls for mandatory suspension ... the court ... shall require the surrender of *any driver's license* then held by the defendant and shall forward the driver's license together with a record of the conviction to [DOT]. The suspension shall be *effective* upon a date determined by the court ... or upon the date of surrender of the license to the court ... whichever shall first occur.

75 Pa.C.S. § 1540(a) (emphasis added). Section 102 of the Vehicle Code defines a "driver's license" as a "license *or permit*" to drive a motor vehicle which was issued under Title 75. 75 Pa.C.S. § 102 (emphasis added).

Because section 1540(a) requires surrender of "any" driver's license and because a "driver's license" includes a learner's permit, Licensee was required to surrender his commercial driver learner's permit to the court on March 24, 2004. Licensee failed to do so; thus, his suspension could not begin on the date that he surrendered only one of his two "driver's licenses." Indeed, section 1541(a) of the Vehicle Code states that "[n]o credit toward ... [a] suspension ... shall be earned until the driver's license [including any permit] is surrendered to [DOT or] a court ... as the case may be." 75 Pa.C.S. § 1541(a).

We recognize that section 1540(a) of the Vehicle Code requires the surrender of any driver's license "held" by a licensee and that Licensee may not have been in possession of his commercial driver learner's permit on March 24, 2004, because it was stolen. However, section 1540(a)

---

**3.** It appears from the record that Licensee would serve the DUI suspension first, followed by the suspension for refusing to submit to chemical testing. (*See* R.R. at 53a.)

**4.** Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

must be read in conjunction with section 1541(a), which states, "If a licensed driver is not in possession of his driver's license [including any permit], no credit toward the ... suspension shall be earned until a sworn affidavit or a form prescribed by [DOT] is surrendered to [DOT] swearing that the driver is not in possession of his driver's license." 75 Pa.C.S. § 1541(a). Here, Licensee did not submit the prescribed form to DOT until August 18, 2004. Therefore, Licensee could not begin to receive credit toward his suspension until August 18, 2004.

Licensee next argues that section 1540(a) does not require the surrender of *invalid* "driver's licenses," and, once DOT suspended Licensee's driving privilege, his commercial driver learner's permit was invalid.[5] (Licensee's brief at 14–15.) However, section 1540(a) requires the surrender of *any* "driver's license"; the provision does not distinguish between valid and invalid "driver's licenses." Moreover, by definition, a "driver's license" is a license or permit issued under Title 75, and DOT issued the commercial driver learner's permit to Licensee under Title 75. *See* section 1607(d)(1) of the Vehicle Code, 75 Pa.C.S. § 1607(d)(1).

Finally, Licensee argues that he presented un-rebutted evidence that he complied with the spirit of the law by beginning to serve his suspension as of March 24, 2004. (Licensee's brief at 16.) We realize that Licensee presented evidence that he did not drive a motor vehicle after that date. However, DOT made no findings of fact in that regard, and this is not a consideration under the law. Moreover,

Licensee concedes in his brief that the Vehicle Code requires more than not driving "to begin obtaining credit" toward a suspension. (Licensee's brief at 14.)

Accordingly, we affirm.

*ORDER*

AND NOW, this 27th day of February, 2006, the order of the Secretary of Transportation, dated July 29, 2005, is hereby affirmed.

---

**5.** Licensee contends that his learner's permit became invalid after the suspension because, under the Vehicle Code, no person may drive a commercial motor vehicle during a license suspension. *See* section 1606(c)(1)(ii) of the Vehicle Code, 75 Pa.C.S. § 1606(c)(1)(ii). However, under the Vehicle Code, no person may drive *any* motor vehicle during a license suspension. *See* section 1543(a) of the Vehicle Code, 75 Pa.C.S. § 1543(a). Thus, if Licensee is correct, *every* "driver's license" becomes invalid once DOT imposes a suspension.