**Gerald MARTIN, Petitioner**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 28, 2010.
Decided Aug. 20, 2010.
Publication Ordered Oct. 27, 2010.

Anthony T. McBeth, Harrisburg, for petitioner.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge McGINLEY.

Gerald Martin (Martin) petitions for review of the order of the Secretary of the Department of Transportation (Department) which denied Martin's exceptions to the proposed report of the Department Hearing Officer and finalized a proposed order that denied Martin's request for additional administrative credit towards a five-year revocation of his operating privilege pursuant to the Vehicle Code (Code), 75 Pa.C.S. § 1542[1] and a separate one-year suspension of his operating privilege

---

1. Section 1542 of the Code provides:

**(a) Revocation of habitual offender's license.**—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

**(b) Offenses enumerated.**—Three convictions arising from separate acts of any one or more following offenses committed by any person shall result in such person being designated as a habitual offender:

(1) Any violation of Subchapter B of Chapter 37 (relating to serious traffic offenses).

(1.1) Any violation of Chapter 38 (relating to driving after imbibing alcohol or utilizing drugs) except for sections 3808(a)(1) and (b) (relating to illegally operating a motor vehicle not equipped with ignition interlock) and 3809 (relating to restriction on alcoholic beverages).

(c) **Accelerative Rehabilitative Disposition as an offense.**—Acceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section.

imposed in accordance with 75 Pa.C.S. § 1532(b)(3) [2].

On March 25, 2000, Martin was cited in Pennsylvania for a violation of Section 3731 of the Code, 75 Pa.C.S. § 3731 (driving under the influence). Martin received an Accelerated Rehabilitative Disposition (ARD) and the Department suspended Martin's driving privileges for thirty days effective August 30, 2000. The Department mailed official notice of the suspension to Martin on September 25, 2000. His driving privilege was restored on October 27, 2000.[3]

On or about October 31, 2001, Martin relocated from Pennsylvania to New York but did not obtain a New York driver's license. He continued to drive with only his Pennsylvania license. Notes of Testimony, (N.T.), July 29, 2009, at 8, 10, 11, 34; Reproduced Record, (R.R.), at 9a, 11a, 12a, 35a.

Martin maintained his Pennsylvania address of 604 North Farmerville Road, Ephrata, Pennsylvania, 17522 after moving to New York and continued to receive some mail at that address. N.T. at 39–40; R.R. at 40a, 41a.

On May 25, 2002, Martin was cited in the State of New York for driving while intoxicated, an offense similar to Section 3731 of the Code (driving under the influence of alcohol or a controlled substance). Martin was convicted of this violation on June 26, 2002. As a result of the conviction, pursuant to the Driver's License Compact (Compact), 75 Pa.C.S. § 1581, the Department imposed a one year suspension of Martin's driving privileges effective

September 5, 2002. N.T. at 9, 34–36, 50–52; R.R. at 10a, 35a–37a, 51a–53a.

At the time of his May 25, 2002, violation Martin alleges he provided the police officer with his Pennsylvania driver's license. N.T. at 11–15; R.R. at 12a–16a. The Department has no record of receipt of Martin's Pennsylvania driver's license. N.T. at 59–60; R.R. at 60a–61a.

On or about July 25, 2002, the Department processed a Report dated July 15, 2002, from the New York State Department of Motor Vehicles (July Report) pursuant to the Compact notifying the Department that Martin was convicted on June 26, 2002, for his May 25, 2002, violation of Section 3731. N.T. at 52; R.R. at 53a. The July Report lists Martin's Clyde, New York, address; however, the July Report does not indicate that a license or acknowledgement was surrendered to the Court. Exhibit D–2 at 1.

On August 1, 2002, the Department mailed an Official Notice of Suspension letter (Suspension Notice) to Martin at his Pennsylvania address because that was the address of record with the Department at that time. The Suspension Notice advised Martin that his driving privileges would be suspended for a period of one year effective May 14, 2002, as a result of his June 26, 2002, conviction for violating a provision of New York's Code similar to Section 3731 of the Code on May 25, 2002. The letter advised Martin how to comply with his suspension. N.T. at 53; R.R. at 54a. Martin did not recall receiving the Suspension Notice. N.T. at 41; R.R. at 42a. The Suspension Notice was not returned as unclaimed mail. N.T. at 53; R.R. at 54a.

---

**2.** Section 1532(b)(3) of the Code provides in pertinent part:

The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction ... reported to the department under Article III of section 1581 (relating to Driver's License Compact).

**3.** 75 Pa.C.S. § 3731 repealed by the Act of September 30, 2003, P.L. 120, No. 24 sec 14, effective February 1, 2004.

On August 11, 2002, Martin was cited in the state of New York for driving while intoxicated, once again, an offense similar to Section 3731 of the Code (driving while under influence of alcohol or controlled substance). Martin was convicted on March 21, 2003, for this violation. As a result of the conviction, pursuant to the Compact, the Department imposed a five year habitual offender revocation on Martin's driving privileges effective December 8, 2003. N.T. at 9, 36–37, 53; R.R. at 10a, 37a–38a, 54a. At the time of his August 11, 2002, violation and subsequent March 21, 2003, conviction, Martin provided the police officer and the New York Court with his New York address.

On or about December 8, 2003, the Department processed a report dated March 31, 2003, from the New York State Department of Motor Vehicles (March Report) pursuant to the Compact notifying the Department that Martin was convicted on March 21, 2003, for his August 22, 2002, violation. N.T. at 53; R.R. at 54a. The March Report shows Martin's Clyde, New York, address. Exhibit D–2 at 2. The Report does not show that a license or acknowledgement was surrendered to the New York State Court. Exhibit D–2 at 2.

On December 8, 2003, the Department mailed an Official Notice of Revocation letter (Revocation Notice) to Martin at his Pennsylvania address because, again, that was the address of record at that time with the Department. The Revocation Notice advised Martin that his driving privileges would be suspended for a period of five years as a habitual offender effective December 8, 2003, as a result of his March 21, 2003, conviction for violating a provision of New York's Code, driving while intoxicated, on May 25, 2002. The letter advised Martin how to comply with his suspension. N.T. at 54–55; R.R. at 55a–56a. Martin did not recall receiving the Revocation Notice. N.T. at 42–45; R.R. at 43a–46a.

As a result of his two driving while intoxicated convictions in the State of New York, Martin was prohibited from obtaining a New York driver's license until he fulfilled all of its legal requirements.[4] Martin did satisfy all of the requirements imposed by New York in order to obtain a driver's license. N.T. at 20, 25, 30; R.R. at 21a, 26a, 31a.

On or about May 14, 2009, Martin visited a New York driver's license center in an attempt to obtain a New York driver's license. Martin learned that his driving privileges were still suspended in Pennsylvania. The representative at the New York license center advised Martin to call the driver's center in Harrisburg, Pennsylvania and obtain the necessary forms regarding his Pennsylvania suspension. N.T. at 20–22, 27–28; R.R. at 21a–23a, 28a–29a.

On May 22, 2009, Martin changed his address of record with the Department to 1393 Marengo Road, Clyde, New York 14433. N.T. at 56; R.R. at 57a.

On May 29, 2009, Martin submitted an *Acknowledgement of Suspension/Revocation/Disqualification/Cancellation as Required Under Section 1541 of the Vehicle Code* (Acknowledgment). The envelope containing the Acknowledgement was postmarked May 29, 2009. The Department established the effective credit date from the postmark on the envelope. N.T. at 28–29, 44, 55–56; R.R. at 29a–30a, 45a, 56a–57a. The Acknowledgement lists Martin's

---

4. Between 1986 and 1997, Martin had been issued a driver's license in the State of New York. N.T. at 24; R.R. at 25a.

Clyde, New York, address. N.T. at 7, 56; R.R. at 8a, 57a.

On June 4, 2009, the Department mailed a letter to Martin at his updated address and advised him that credit towards his sanction began on May 29, 2009. Martin did receive this letter. N.T. at 45, 55–57; R.R. at 46a, 56a–58a.

On or about June 18, 2009, the Department received Martin's request for an administrative hearing.

On July 29, 2009, Deputy General Counsel in the Governor's Office of General Counsel, held a hearing. Martin testified and introduced into evidence four exhibits.

Janet Danner (Danner) an employee of the Department in the Research and Support area, testified. Danner compiled the Department's two exhibits. Exhibit D–1 was Martin's driving record which indicated the status of his Class A Commercial license as "suspended, revoked, expired." N.T. at 49; R.R. at 50a. Exhibit D–2 was the certification and attestation which contained the suspension notice, the DL–16LC form which established that credit began to run towards his suspension, documents from Martin[5], the letter of receipt the Department mailed to Martin stating that it received the affidavit and the suspension began to run May 29, 2009, and Danner's notes from a phone conversation with Martin regarding the issue of credit and restoration requirements.

On October 8, 2009, the Hearing Officer filed her proposed report. The Hearing Officer found as fact that Martin was a Pennsylvania licensed driver when he was convicted of the two New York DUI violations, that the Department properly imposed the one-year suspension and the five-year revocation and notified Martin of each sanction, but Martin did not acknowledge them until May 29, 2009. Accordingly, the Hearing Officer found May 29, 2009, to be the date Martin began accruing credit towards service of his suspension and his revocation.

On November 6, 2009, Martin filed exceptions to the proposed report. By order dated January 22, 2010, the Secretary of Transportation denied Martin's exceptions and adopted and made final the Hearing Officer's proposed report. Martin petitioned for review.

Martin contends[6] that it is improper to deny someone administrative credit toward a driver's license suspension when the person is not a Pennsylvania resident, complied for approximately six and a half years with the requirements of his home state for reinstatement of his license, was informed that his home state was ready to issue him a driver's license, but that the home state could not do so because he did not receive administrative credit on a concomitant Pennsylvania driver's license suspension. Martin also contends that the Department does not have an interest in enforcing a purported driver's license suspension against a non-resident when that non-resident has complied with every requirement of his home state,

---

**5.** Danner testified:

"3–A is a statement from Mr. Martin. 3–B looks like an invoice from D & L Disposal sent in. 3–C is a—looks like a bill from Verizon Wireless. 3–D is a letter from Attorneys Boyle and Anderson and 3–E is the envelope that it was mailed in." N.T. at 56; R.R. at 57a.

**6.** In a case involving administrative credit toward a driver's license suspension, this Court's scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether the necessary findings of fact are supported by substantial evidence. *Sherry v. Pennsylvania Department of Transportation*, 893 A.2d 208, 209, n. 4 (Pa. Cmwlth.2006).

so that his home state indicated its intention to reinstate his driving privileges.

Regarding Martin's first argument, the Secretary did not commit an error of law as his findings were based on the correct interpretation of the Code, which is explicit on the period of suspension of a driver's operating privilege. Section 1541 of the Code states:

> § 1541. **Period of revocation or suspension of operating privilege.**
> (a) Commencement of period.—The period of revocation or suspension of the operating privilege shall commence as provided for in section 1540 [7] (relating to a surrender of license). No credit toward the revocation or suspension shall be earned until the driver's license is surrendered to the department, the court or the district attorney, as the case may be. A nonresident licensed driver or a unlicensed driver shall submit an acknowledgment of suspension or revocation to the department in lieu of a driver's license....

75 Pa.C.S. § 1541(a).

Martin testified that he did not drive in Pennsylvania in order to comply with the law that he not drive while under suspension. N.T. at 7–8; R.R. at 8a–9a. The Code requires more than not driving before obtaining credit toward a suspension. *Sherry v. Department of Transportation,* 893 A.2d 208 (Pa.Cmwlth.2006). The Code clearly requires a driver to surrender his license or, if unable to do so, submit an acknowledgment. Therefore, the Department correctly commenced credit as of May 29, 2009, the date Martin submitted his Acknowledgment to the Department. Findings of Fact (F.F.), No. 31.

■ Martin also argues that the surrender of his valid Pennsylvania license to a police officer commenced his credit. However, according to Section 1540, credit towards a suspension may not be earned prior to the effective date of the suspension.

■ Martin also contends that the Department does not have an interest in enforcing a driver's license suspension against him because he fully served all of his obligations under New York State law where the two offenses occurred. However, this argument fails to take into consideration that Martin was driving in New York State with a valid Pennsylvania driver's license at the time of the offenses and his convictions.

In *Evans v. Department of Transportation, Bureau of Driver Licensing,* 800 A.2d 1001 (Pa.Cmwlth.2002), Robert Evans (Evans) held a Pennsylvania license but eventually established residence in Baltimore, Maryland. Evans was convicted for violating New Jersey's driving under the influence (DUI) statute. The following day, Evans surrendered his Pennsylvania license to Maryland and was issued a Maryland license. The Department notified Evans by letter that it was suspending his operating privilege for a period of one year as a result of his New Jersey DUI conviction. Evans filed a statutory appeal of his

---

7.  § 1540. **Surrender of license.**
    (b) Suspension, revocation or disqualification of operating privilege. Upon the suspension or revocation of the operating privilege or the disqualification of the commercial operating privilege of any person by the department, the department shall forthwith notify the person in writing at the address of record to surrender his driver's license to the department for the term of suspension or revocation. The suspension, revocation or disqualification shall be effective upon a date determined by the department if that date is subsequent to the department's notice to surrender the license, whichever occurs first. Upon surrender of the license, the department shall issue a receipt showing the date that it received the license.
    75 Pa.C. S. § 1540(b).

suspension with the trial court. The trial court concluded that Evans was a licensed driver in the state of Pennsylvania at the time of his New Jersey conviction. Therefore, the trial court held Department had the authority to suspend Evans's operating privilege.

On appeal, this Court noted that "home state" is defined as "the state which has issued and has the power to suspend or revoke the use of the license or permit to operate a motor vehicle." *See* 75 Pa.C.S. § 1581. This Court decided that because the driver held a Pennsylvania license at the time of his arrest *and* conviction his home state was Pennsylvania under the Compact and dismissed Evans' appeal of the imposition of his suspension.

Here, at the time his suspension and revocation were imposed, Martin had a valid Pennsylvania driver's license. He had not applied for or received a New York license. The Compact controls when a Pennsylvania driver is convicted of DUI in another state that has legally joined the Compact.[8] According to the Compact, Pennsylvania had every right to impose a sanction against Martin's driving privilege.

Accordingly, this Court affirms.

### ORDER

AND NOW, this 20th day of August, 2010, the order of the Secretary of the Department of Transportation in the above captioned matter is affirmed.

---

**8.** Article IV of the Compact states:

**Effect of Conviction**

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this Compact, as it would if such conduct had occurred in the home state in the case of convictions for:

. . . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle.