**Brad M. HRUSKA, Petitioner**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 20, 2011.

Decided June 29, 2011.

Publication Ordered Sept. 6, 2011.

Monte J. Rabner, Pittsburgh, for petitioner.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.[1]

Brad M. Hruska (Licensee) petitions for review of the December 2, 2010, order of the Secretary (Secretary) of the Department of Transportation (DOT), which adopted a hearing officer's recommendation that Licensee be granted a driver's license suspension credit from April 16, 2010. We affirm.

In September 2007, Licensee was cited for driving under the influence (DUI) and was accepted into an accelerated rehabilitative disposition (ARD) program. After receiving certification of Licensee's acceptance of ARD, DOT sent Licensee a notice of a sixty-day suspension of his operating privilege. In November 2007, however, Licensee was again cited for DUI and was removed from the ARD program. Licensee appealed the ARD suspension, at which time DOT sent Licensee a letter informing him of the restoration of his operating privilege and instructing him not to return his driver's license until he is advised to do so.

In December 2007, Licensee was convicted of both DUI charges. At that time, the trial court advised Licensee that he could surrender his license, but he did not have it with him. Thereafter, on January 17, 2008, Licensee placed his license in an envelope, without any explanatory correspondence, and mailed it to DOT. DOT never received Licensee's license.

The clerk of courts certified Licensee's DUI convictions to DOT on January 31, 2008, and February 1, 2008. On February 5, 2008, the trial court dismissed Licensee's appeal of the ARD suspension. DOT then imposed two one-year license suspensions for the DUI convictions and re-imposed the sixty-day ARD suspension. The notices of suspension were mailed to Li-

---

1. This case was reassigned to the opinion writer on May 25, 2011.

censee on February 14, 2008, and February 26, 2008, at his address of record.[2] Licensee did not acknowledge the suspensions, and two of the three notices were returned to DOT as unclaimed.

In March 2010, Licensee called DOT to ask about the status of his suspensions. He was informed that DOT never received his driver's license and that he had not been receiving any credit toward his suspensions. On April 16, 2010, DOT received from Licensee an affidavit acknowledging his suspensions. Thus, DOT granted Licensee a suspension credit from that date.

Licensee requested an administrative appeal hearing, which was held on July 26, 2010. The hearing officer believed Licensee's testimony that he mailed his license to DOT on January 17, 2008. (N.T., 7/26/10, at 11.) She also believed DOT's testimony that: (1) it never received Licensee's license, (*id.* at 33); and (2) even if DOT had received the license in January 2008, it would not have granted credit at that time because it had no record of Licensee's convictions, (*id.* at 33–34).

At the conclusion of the hearing, the hearing officer stated that she would be willing to grant Licensee a credit from February 14, 2008, when DOT mailed the notices of suspension to Licensee. She then asked the parties to brief the issue further and explained that, although she was inclined to grant Licensee an earlier credit date,

> [t]hat doesn't mean I won't be swayed when I receive the legal briefs of the parties. I will review the record again

anew, and I will have to review it in conjunction with the law and make sure that there is a legal basis for any determination that I issue.

(*Id.* at 47; *see id.* at 49.)

Subsequently, in her proposed report, the hearing officer recommended that Licensee be granted a suspension credit from April 16, 2010, the date Licensee acknowledged the suspensions. She concluded that, although Licensee's testimony was credible, it was insufficient to overturn DOT's decision.

■ Licensee filed exceptions to the proposed report, claiming that he should receive credit from February 14, 2008, when DOT mailed the notices of suspension to him. The Secretary disagreed and adopted the hearing officer's recommendation. Licensee now appeals from that decision.[3]

The determination of administrative credit toward a license suspension is governed by section 1541(a) of the Vehicle Code, which provides in relevant part:

> No credit toward the ... suspension ... shall be earned until the driver's license is surrendered to [DOT], a court or a district attorney, as the case may be.... [A]n unlicensed individual, including a driver whose license has expired, shall submit an acknowledgement of suspension ... to [DOT] in lieu of a driver's license....

75 Pa.C.S. § 1541(a).

■ Licensee asserts that the Secretary's decision is unsupported by substan-

---

**2.** At some point before the mailing of these notices, Licensee had moved to a new address but failed to notify DOT of the address change.

**3.** In a case involving administrative credit toward a driver's license suspension, our scope of review is limited to determining

whether constitutional rights were violated, whether an error or law was committed, and whether the necessary factual findings are supported by substantial evidence. *Martin v. Department of Transportation*, 6 A.3d 589, 593 n. 6 (Pa.Cmwlth.2010).

tial evidence and contrary to the hearing officer's credibility findings. He claims that, because the hearing officer found Licensee's testimony credible and stated that she would grant him credit from February 14, 2008, he should receive credit from that date. We disagree.

The evidence credited by both the hearing officer and the Secretary established that: (1) Licensee ignored DOT's initial directive *not* to return his license until he was instructed do so; (2) DOT did not receive Licensee's license; (3) even if DOT had received Licensee's license in January 2008, it would have returned it to Licensee because his license had not yet been suspended, *see Martin v. Department of Transportation,* 6 A.3d 589, 594 (Pa.Cmwlth.2010) (credit toward a suspension cannot be earned before the effective date of the suspension); (4) Licensee moved to a different address without notifying DOT[4] and, as a result, did not receive DOT's subsequent suspension notices; and (5) although Licensee testified that he had stopped driving in January 2008, DOT cannot consider such evidence in determining a suspension credit, *see Sherry v. Department of Transportation,* 893 A.2d 208, 211 (Pa.Cmwlth.2006) (ceasing to operate a motor vehicle during a period of suspension is not enough to begin earning credit toward a suspension).

After a *de novo* review of the evidence and the applicable law, the Secretary concluded as follows:

> [DOT] has no discretionary power to grant [Licensee] the credit he seeks in this case. To do so would not only undermine the statutory scheme but also would invite a flood of questionable claims for credit from drivers asserting that, regardless of [DOT's] records, they

had mailed in their license and stopped driving. Moreover, [Licensee's] own actions undermine any attempt to excuse him from the statutory requirements. [DOT] properly determined the date of [Licensee's] credit to be the date he submitted an acknowledgment, and his exceptions demonstrate no legal basis for the credit he requests.

(Secretary's Op. at 5.) We find no error in this determination.

Accordingly, because we conclude that the Secretary's determination is supported by substantial evidence, we affirm.

#### ORDER

AND NOW, this 29th day of June, 2011, we hereby affirm the December 2, 2010, order of the Secretary of the Department of Transportation.

---

**4.** Section 1515(a) of the Vehicle Code provides that, when a person moves from the address appearing on his or her driver's license, he or she shall give written notification to DOT of the new address within fifteen days. 75 Pa.C.S. § 1515(a).