IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Scarlett Elizabeth Bretz, | : | |
| Petitioner | : | |
| | : | |
| v. | : No. 2418 C.D. 2015 | |
| | : Submitted: April 1, 2016 | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Respondent | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: April 26, 2016

Scarlett Elizabeth Bretz, a/k/a Scarlett Elizabeth Chizzonite (Licensee), petitions for review of an order of the Secretary (Secretary) of the Department of Transportation (Department) confirming that her 18-month suspension for driving under the influence of alcohol (DUI) and a five-year revocation of her driver's license as a habitual offender were to be served consecutively. We affirm.

**I.**

The facts are not in dispute. On three separate occasions, Licensee was convicted under Section 3802(c) of the Vehicle Code, 75 Pa. C.S. §3802(c), of

driving under the influence of alcohol (DUI) with a blood alcohol level of 0.16 percent or higher, a misdemeanor of the first degree.[1] The first "conviction" occurred on October 4, 2007, and was disposed of when Licensee was accepted into an Accelerated Rehabilitative Disposition (ARD) program. Because Licensee's blood alcohol concentration was higher than 0.16 percent, her driver's license was suspended for 60 days.[2]

On April 18, 2012, Licensee was convicted for a second time of driving under the influence of alcohol in violation of Section 3802(c), 75 Pa. C.S. §3802(c). Licensee was sentenced to house arrest from May through July 2012. Upon being notified by the Clerk of Courts of the Court of Common Pleas of Beaver County (Clerk of Courts) of the conviction, the Bureau of Driver Licensing (Bureau) imposed an 18-month suspension of Licensee's driver's license effective June 14, 2012.[3] The Bureau mailed official notice of the 18-month suspension to Licensee on May 10, 2012. Licensee did not appeal this suspension.

---

[1] Section 3802(c) provides, in pertinent part, "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." 75 Pa. C.S. §3802(c).

[2] Section 3807(d)(3) of the Vehicle Code, 75 Pa. C.S. §3807(d)(3), requires that as a condition of participation in ARD where the defendant's blood alcohol was 0.16% or higher, that the court suspend the defendant's license for 60 days.

[3] Section 3804(e)(2)(ii) of the Vehicle Code, 75 Pa. C.S. §3804(e)(2)(ii), provides that the Department shall suspend the operating privilege of an individual for 18 months if convicted for a misdemeanor of the first degree. *Id.*

On May 14, 2012, Licensee was convicted of her third DUI offense within five years making her a "habitual offender" requiring that her license be revoked for a period of five years.[4]  On June 8, 2012, the Bureau mailed Licensee official notice that her license was revoked effective December 14, 2013, for a period of five years.  In this notice, the Bureau informed Licensee on a separate line hanging directly above a section titled "COMPLYING WITH THIS REVOCATION" that "This revocation is in addition to any other suspensions already on your record."  (Reproduced Record (R.R.) at 27a.)  Licensee did not appeal the five-year revocation of her license.

## II.

On June 14, 2012, Licensee surrendered her driver's license to the Bureau so that she could begin receiving credit toward her suspension and revocation.[5]  The Department acknowledged receipt of Licensee's license by letter dated June 27, 2012.  However, the letter informed Licensee that she would not be credited until the Court of Common Pleas of Beaver County notified the Department that she completed her prison term.

On August 13, 2012, the Clerk of Courts certified that Licensee was released from prison as of July 5, 2012.  Because Licensee was never sentenced to prison, Licensee's beginning credit date was improperly set to July 5, 2012, rather than June 14, 2012, the date she surrendered her license.  Subsequently, Licensee

---

[4] *See* 75 Pa. C.S. §1542.

[5] *See* 75 Pa. C.S. §1541(a) & (a.1).

filed a request for an administrative hearing seeking to change the credit date from July 5, 2012, to June 14, 2012, as well as contending that she was entitled to serve concurrently the 18-month suspension and the five-year revocation of her driver's license.

After a hearing, because Licensee failed to establish that she had never been sentenced to prison, the Hearing Officer denied the request to change the effective date of the suspension from July 5, 2012, to June 14, 2012. The Hearing Officer also denied her request to concurrently serve the respective periods of suspension and revocation reasoning that the language of Section 1544(c), 75 Pa. C.S. §1544(c), requires that the revocation and suspension be served consecutively.

Licensee filed exceptions with the Secretary attaching an amended Form DL-21, dated August 12, 2015, from the Clerk of Courts stating that Licensee was not sentenced to prison as a consequence of her DUI conviction. As a result of the amended Form DL-21, the Secretary changed the effective date of her suspension to June 14, 2012, but denied Licensee's exception that she is allowed to concurrently serve the suspension and revocation terms as being "without merit." Licensee then filed this petition for review.[6]

---

[6] "In a case involving administrative credit toward a driver's license suspension, this Court's scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether the necessary findings of fact are supported by substantial evidence." *Martin v. Department of Transportation*, 6 A.3d 589, 593 n.6 (Pa. Cmwlth. 2010) (citing *Sherry v. Department of Transportation,* 893 A.2d 208, 209 n.4 (Pa. Cmwlth. 2006)). Where, as here, the issue is a question of law, the standard of review is **(Footnote continued on next page…)**

4

**III**.

In her petition for review, Licensee contends that the Department erred in not allowing her to concurrently serve the 18-month suspension with the five-year revocation of her driver's license. As best as we can determine, Licensee's position is that Section 1544(c), 75 Pa. C.S. §1544(c), does not preclude the serving of a suspension and revocation concurrently when, as here, the surrender of a driver's license effectuates both the suspension and revocation.

Section 1544(c) provides:

> When any person's record shows an additional conviction calling for revocation of the operating privilege during a period of suspension, the department **shall add** the appropriate revocation onto the period of suspension and the person shall be so notified in writing.

75 Pa. C.S. §1544(c) (emphasis added). Like the Secretary found, this argument has no merit because "[Section 1544(c)] is clear that time certain periods of suspension and revocation must be served consecutively." *Department of Transportation, Bureau of Driver Licensing v. Vento*, 548 A.2d 385, 386 (Pa. Cmwlth. 1988). A contrary interpretation "would allow a suspended or revoked driver to avoid the enhanced penalties at issue." *Commonwealth v. Jenner*, 681 A.2d 1266, 1270 (Pa. 1996). Further, this provision does not provide for an

**(continued…)**

*de novo* and the scope of review is plenary. *Whalen v. Department of Transportation, Bureau of Driver Licensing*, 32 A.3d 677, 679 (Pa. 2011).

exception to have DUI suspensions and revocations served concurrently even when the underlying offenses occurred in close proximity to one another, let alone, as here, where one of the offenses occurred years before. *See Department of Transportation, Bureau of Driver Licensing v. Martin*, 517 A.2d 216, 217 (Pa. Cmwlth. 1986).[7]

Accordingly, because the Secretary did not err in denying Licensee's exception to the Hearing Officer's finding that she must serve her 18-month suspension and five-year revocation of her driver's license consecutively, the Department's final order is affirmed.

_____
DAN PELLEGRINI, Senior Judge

---

[7] Licensee further asserts that the Department's conduct led her "to believe that the suspensions would begin at the same time." (Brief for the Petitioner, at 11.) Yet, the June 2012 notice letter explicitly stated, "This revocation is in **addition** to any other suspensions already on your record." (R.R. at 27a.) This sentence was provided as its own paragraph on the first page, and the sentence hung **directly** above a section titled "COMPLYING WITH THIS REVOCATION." *Id.* (emphasis added).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scarlett Elizabeth Bretz, : 
               Petitioner : 
                : 
         v. : No. 2418 C.D. 2015
                : 
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing, : 
               Respondent : 

# **O R D E R**

AND NOW, this 26th day of April, 2016, it is hereby ordered that the final order of the Secretary of the Department of Transportation dated November 3, 2015, is affirmed.

_____
DAN PELLEGRINI, Senior Judge